## NEW YORK COMMON PLEAS.

JACOB D. C. OUTWATER agt. THE MAYOR, &c., OF THE CITY OF NEW YORK.

*It seems*, that where a judgment against the mayor, &c., of the city of New York, is vacated on application of the comptroller under the statute, for fraud alleged, and a new trial ordered, the plaintiff will not be allowed *costs*, as terms upon which the judgment is vacated. In this case, $10, costs of the motion to each party, was ordered to abide the event of the action.

*New York Special Term, April* 7, 1860.

MOTION for settlement of an order on the decision of the court vacating the judgement in this action, under chapter 489, § 5, laws of 1859. The case itself is reported in (18 *How. Pr. R.*, 572.)

L. N. GLOVER, *for the plaintiff*,

insisted that the judgment was to be opened on terms, and

offered an order " vacating the judgment on payment by the defendants to the plaintiff, of the costs and disbursements therein, after issue joined, as adjusted by the clerk of the court, together with the sheriff's fees on the execution, and $10 costs of opposing the motion, as also an allowance to be made as the court should direct."

The counsel cited in support of the above, the case of *Milleman* agt. *The Mayor*, (18 *How. Pr. R.*, 542,) where he contended a similar order had been make by Judge HILTON.

WM. CURTIS NOYES, *in opposition*

to the entry of the above order maintained:

I. The rule sought to be enforced by the plaintiff in the settlement of the order in the above cause, should not be applied to cases like the present. 1. The rule itself is clearly an unjust and harsh one, and no longer exists in England where it originated. (*Saunders* agt. *Davies*, 16 *Jurist*, 481.) 2. Even in this state the costs now are discretionary, and it seems clear to me, that a wise exercise of that power, demands that they should not be given to a party who seeks to avail himself of a fraud. 3. And in cases like the present, where the judgment was obtained *mala fide*, the practice is to set aside the judgment without costs. (*Anderson* agt. *George*, 1 *Burr.* 352 ; 1 *Graham & Waterman on New Trials*, 598.)

II. The order applied for by the plaintiff virtually annuls the judgment only in part. The costs as taxed form no inconsiderable part of the sum total of the judgment.

III. The effect of granting such an order would be to offer a premium for the obtaining of fraudulent judgments. If in every like case, the judgment would only be opened by the court on payment of costs, an inducement would be offered to continue this fraudulent practice. They would then be in no worse condition than they were at the commencement of their suit.

The court, DALY, F. J. Granted the order presented by the defendants and settled it without alteration. It provided " that the said judgment rendered herein against the defendants, and the said order of reference therein, and all subsequent proceedings in this action, be and the same are hereby vacated and set aside and declared of no effect. And further, that the said defendants have leave to put in .a further or an amended answer to the complaint herein, within twenty days after entry of this order, and that ten dollars costs of this motion to each party abide the event of this action."

The same order in *Brush* agt. *The Mayor &c.*; *Kelly* agt. *the same*; *Joyce* agt. *the same*.